THE HONORABLE TIMOTHY W. DORE
Chapter 7
Hearing Location: Seattle, Rm. 8106
**Subject to Court Approval:**
Hearing Date: June 9, 2023
Hearing Time: 9:30 a.m.
Response Date: June 2, 2023

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

WIRELESS ADVOCATES, LLC,

Debtor.

Bankr. No. 23-10117-TWD

Motion to Approve Stipulation to Relieve the Army & Air Force Exchange Service from the Automatic Stay under Section 362(d) and for Abandonment of Property

### I. Introduction

The United States of America, on behalf of creditor the Army and Air Force Exchange Service (AAFES), moves under 11 U.S.C. §§ 362(d) and 554, Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1(c) of the Local Rules W.D. Wash. Bankr. (Local Rules), for entry of an Order approving the *Stipulation to Relieve [AAFES] from the Automatic Stay under Section 362(d) and for Abandonment of Property*, [ECF No. 238] (the Stipulation), entered between AAFES and Virginia Burdette, Chapter 7 Trustee for Debtor Wireless Advocates, LLC

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR ABANDONMENT OF PROPERTY - 1
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 1 of 8

(Trustee). The requested stay relief and abandonment would permit AAFES to remove and dispose of property Debtor abandoned when it ceased selling mobile phones and related services in retail stores AAFES operates on military bases throughout the United States. The property in question bears no value for the bankruptcy estate; it consists of sales kiosks (many damaged), used computer monitors and printers, office supplies, and display model phones. AAFES urgently needs relief from the automatic stay so it can remove Debtor's abandoned property to make room for a new mobile services contractor it expects to occupy its stores within days.

## II. Factual Background

### A. Debtor contracted with AAFES to sell mobile phones and related services on military bases throughout the country.

Wireless Advocates, LLC (Debtor) was a provider of wireless products and services in numerous retail locations. Debtor's business included selling phones and services for several mobile phone service providers via kiosks located within retail stores located on military bases throughout the United States. AAFES is a joint non-appropriated funds instrumentality of the Army and Air Force within the U.S. Department of Defense. Declaration of Christopher J. Nitschke (Nitschke Decl.) ¶ 3, attached hereto. Among other things, AAFES operates retail stores on U.S. military bases for qualified customers (primarily military personnel and their families).

In 2016, AAFES and Debtor entered a contract (the Contract) for Debtor to sell mobile phones and wireless services at 144 stores on military bases in the United States, Puerto Rico, and Guantanamo Bay, Cuba. Nitschke Decl. ¶ 5, Exh. A thereto (Contract excerpts). Via Contract amendment, the number of military stores in which Debtor operated was reduced to 93 in February 2022. *Id*. In July 2022, Debtor invoked a 180-day notice provision to establish January 25, 2023, as the Contract expiration date. Nitschke Decl. ¶¶ 5 & 7. On December 5, 2022, however, Debtor

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR
ABANDONMENT OF PROPERTY - 2
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 2 of 8

notified AAFES that it was immediately ceasing operations and winding up its affairs. Nitschke Decl. ¶ 7. AAFES is a creditor of Debtor and plans to file a proof of claim based on the Contract. *Id*. ¶ 8.

    B. Debtor collected its valuable inventory but abandoned its kiosks and other property in AAFES' military stores.

Upon contract termination or expiration, the Contract between AAFES and Debtor required Debtor (referred to as "concessionaire") to "remove all concessionaire furnished property not purchased by [AAFES] including equipment, furniture and movable trade fixtures, tools of the trade and supplies." Nitschke Decl. ¶ 9. If Debtor failed promptly to remove its property, the Contract authorized AAFES to remove and store it at Debtor's expense, or to dispose of Debtor's property by public or private sale and defray its removal, storage, sale costs with the proceeds thereof. *Id*.

After ceasing operations under the Contract in early December 2022, Debtor removed its valuable property from the military store premises. Nitschke Decl. ¶ 9. Debtor removed from the military stores all its mobile phone inventory and computer CPUs. *Id*. Debtor left other types of property behind, however, in at least 65 military store locations. Nitschke Decl. ¶ 10. Debtor's abandoned property includes 65 kiosks, computer peripherals (e.g., monitors, keyboards, mice, printers), mobile phone accessories (e.g., cases and chargers), office supplies (e.g., paper, staplers, tape, paper clips, rubber bands, cleaners, etc.), and more than 200 display phones (collectively, the Abandoned Property). Nitschke Decl. ¶ 11. The display phones remain tethered to the kiosks by a secure, antitheft cable. *Id*. While Debtor operated its sales kiosks, the phones were accessible for shoppers, who regularly handled them. *Id*. No SIM cards were installed, and the phones were inoperable; instead, they ran demo software highlighting the phones' functions and applications. *Id*.

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR ABANDONMENT OF PROPERTY - 3
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 3 of 8

### C. The Abandoned Property is not marketable and bears no value for the bankruptcy estate.

Debtor damaged many of its kiosks when it removed its valuable property upon ceasing operations. Nitschke Decl. ¶ 10. The property recovery teams who collected Debtor's property lacked keys for many kiosk cabinets, so they forced the cabinets open, damaging them in the process. *Id*. They also marked with permanent markers the cabinets they had emptied as they progressed. *Id*. Further, the kiosks and their cabinets were constructed in such a way that they can be removed only by demolition. Nitschke Decl. ¶ 13. As such, the kiosks lack any resale value.

It is uncertain whether the used demo/display model phones could be reset and sold as serviceable. Debtor's decision to leave the display phones behind strongly supports the conclusion that they lack any significant sale value. The abandoned office supplies and used computer peripherals likewise have minimal, if any, resale value. AAFES estimates its cost to dispose of the Abandoned Property will be $142,000. Nitschke Decl. ¶ 13. The Abandoned Property therefore holds no value for the bankruptcy estate.

### D. AAFES urgently needs to remove the Abandoned Property from its stores to make room for a new mobile phone services contractor it expects to move in within days.

AAFES has an urgent business need to remove the Abandoned Property from its military stores. AAFES needs the space occupied by the Abandoned Property for use by a new mobile phone services contractor with whom AAFES entered a contract on May 17, 2023. Nitschke Decl. ¶ 14. Under the Contract with Debtor, AAFES is authorized to remove the Abandoned Property from its premises and dispose of it at Debtor's expense. Nitschke Decl. ¶ 9. To date, AAFES has refrained from removing and disposing of the Abandoned Property due to the automatic stay imposed by 11 U.S.C. § 362(a).

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR ABANDONMENT OF PROPERTY - 4
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 4 of 8

## III. Argument

A. **AAFES is a creditor who has standing to seek relief from the automatic stay.**

Sections 362(d) and 554(b) of the Bankruptcy Code authorize a "party in interest" to seek relief from the automatic stay and abandonment of estate property. 11 U.S.C. §§ 362(d) and 554(b). AAFES is a creditor that plans to file a proof of claim based on its Contract with Debtor. Nitschke Decl. ¶ 8. *E.g.*, *Kronemyer v. Am. Contr. Indemnity Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009) (party in interest includes creditor). Further, AAFES is a party in interest because the automatic stay impedes its ability to remove Debtor's Abandoned Property from its military stores. AAFES therefore may seek relief from the automatic stay and abandonment of property under Sections 362(d) and 554(b).

B. **Relief from the automatic stay is authorized "for cause" under Section 362(d)(1) because Debtor's Abandoned Property impedes AAFES from conducting business within its military stores.**

Section 362(d)(1) authorizes relief from the automatic stay "for cause, including the lack of adequate protection . . . ." 11 U.S.C. § 362(d)(1). The specific mention of lack of adequate protection is not limiting; "cause" under Section 362(d)(1) broadly includes other situations in which an interested party needs relief from the automatic stay. *In re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006). Courts determine whether to grant stay relief "for cause" based on several factors, including (as relevant here) whether stay relief: (1) will interfere with the bankruptcy; (2) will injure the debtor or other creditors; (3) is necessary to avoid injury to the moving interested party. *Id*.

AAFES demonstrates cause sufficient to warrant the limited stay relief it seeks. AAFES seeks relief only as to the Abandoned Property—property that Debtor deliberately left behind in

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR
ABANDONMENT OF PROPERTY - 5
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 5 of 8

AAFES' military stores when it collected the property it deemed valuable. Nitschke Decl. ¶ 14; Stipulation at 4, ¶ 2. Based on the Abandoned Property's damaged, used, or otherwise unmarketable nature, AAFES and the Trustee have stipulated that the Abandoned Property bears no value for the bankruptcy estate. Stipulation at 3, ¶ L. Thus, allowing AAFES to remove and dispose of the Abandoned Property will neither interfere with administration of this bankruptcy nor injure the Debtor or other creditors. Without stay relief, however, AAFES will be harmed by the inability to use strategic retail space within its military stores to house a new mobile phone and services contractor that it anticipates being ready to move in within days. Nitschke Decl. ¶ 14; Stipulation at 3, ¶ M. Thus, all relevant factors support granting relief from the automatic stay "for cause" under Section 362(d)(1). *In re A Partners*, 344 B.R. at 127.

### C. The Abandoned Property should be formally abandoned under Section 554(b) because it is of no value to the bankruptcy estate.

Section 554(b) authorizes the Court to order the Trustee to abandon property that is "of inconsequential value and benefit to the estate." The Abandoned Property at issue here is damaged, used, or otherwise unmarketable. Nitschke Decl. ¶¶ 10, 11, 13; Stipulation at 3, ¶¶ J, K, L. For this reason, Debtor left the Abandoned Property in AAFES' military stores when it collected its mobile phone inventory and CPUs. Nitschke Decl. ¶ 10, 11. Likewise, the Trustee—which the Court has authorized to operate Debtor's business and investigate its financial affairs—has stipulated to abandonment based on her judgment that the Abandoned Property lacks any value to the bankruptcy estate. Stipulation at 3, ¶ L, and at 4, ¶ 1; ECF No. 208 (Order Authorizing Trustee to Operate Debtor's Business). Accordingly, the Court should order the formal abandonment of the Abandoned Property under Section 554(b) because it is "of inconsequential value and benefit to the estate."

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR
ABANDONMENT OF PROPERTY - 6
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 6 of 8

### IV. Conclusion

For the foregoing reasons, AAFES is entitled to relief from the automatic stay to permit it to take possession of, remove from the military stores, and dispose of by sale or otherwise, Debtor's Abandoned Property. Further, the Abandoned Property is of no value to the bankruptcy estate and should be formally abandoned under Section 554(b).

DATED this 25th day of May 2023.

    NICHOLAS W. BROWN
    United States Attorney

    *s/ Kyle A. Forsyth*
    Kyle A. Forsyth, WSBA #34609
    Assistant United States Attorney
    United States Attorney's Office
    700 Stewart Street, Suite 5220
    Seattle, Washington 98101
    Phone: 206-553-7970
    Fax: 206-553-4067
    E-mail: kyle.forsyth@usdoj.gov

    *Attorneys for AAFES*

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR
ABANDONMENT OF PROPERTY - 7
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of the United States Attorney for the Western District of Washington and of such age and discretion as to be competent to serve papers;

I further certified that on this date, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all Registered ECF Participants.

DATED this 25th day of May 2023.

*s/ Crissy Leininger*
CRISSY LEININGER
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
E-mail: christine.leininger@usdoj.gov

MOTION TO APPROVE STIPULATION TO RELIEVE AAFES FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) AND FOR ABANDONMENT OF PROPERTY - 8
(B23-10117-TWD)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 23-10117-TWD    Doc 239    Filed 05/25/23    Ent. 05/25/23 14:43:58    Pg. 8 of 8