**Submitted But Not Entered.**



_____
**Timothy W. Dore**
**U.S. Bankruptcy Judge**

**Order is premature. A hearing on the underlying motion is scheduled for June 21, 2024 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: | NO.    23-10117-TWD |
| WIRELESS ADVOCATES, LLC | **FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION ORDER** |
| Debtor. | |

THIS MATTER came before the Court on the Chapter 7 Trustee's Motion for an Order Authorizing Trustee to Implement IT Systems Restructuring and Reject Certain Executory Contracts with Microsoft Corporation and Digital Fortress, Inc. (the "Motion"). The Court, having considered the Motion, Car Toys, Inc.'s Response to the Motion, any other responses to the Motion and replies thereto, the pleadings and files and records of this case, and the argument of counsel, if any, and having found that good cause exists for the entry of this Order in response to the Trustee's Motion, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    <u>Basis for this Order</u>.

    a.    <u>The Repository</u>. This Order concerns a Repository, in which electronic documents and other data belonging to Car Toys, Inc. ("Car Toys") are located, and in which electronic documents and other data belonging to Wireless Advocates, LLC (the "Debtor") are

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION
ORDER - 1

located. More specifically, the Repository consists of electronic files and related data that are:
(1) stored on physical servers located at Digital Fortress in Lynnwood, Washington; (2) in
cloud storage currently maintained through Microsoft. The Repository contains information of
Car Toys that is non-public, confidential, or proprietary in nature, and which may include
information that is attorney-client communications and/or attorney work product of Car Toys
and subject to such privilege. The Repository contains information of the Debtor that is non-
public, confidential, or proprietary in nature, and which may include information that is
attorney-client communications and/or attorney work product of the Debtor and subject to such
privilege. The Repository also includes personal information of customers of both Car Toys
and the Debtor that is subject to confidentiality provisions in contracts with various third parties
as well as federal, state, and local data protection laws and regulations.

b.    Current Access to the Repository. Car Toys has needed to access and
otherwise use the Repository for its ongoing business and to otherwise store and preserve its
records. The Trustee has needed to access and otherwise use the Repository to perform her
duties as Trustee and to otherwise store and preserve the Debtor's records. Prior to initiation of
this action, the Debtor and Car Toys operated under an enterprise model, such that they shared
certain employees, services, and expenses. This included the IT infrastructure that supports the
Repository. As a result, while specific files are identifiable as belonging to Car Toys or as
belonging to the Debtor, there are segments of the data in the Repository are not easily
separable by using standard methodologies such as metadata or search terms to separate the
data (the "Comingled Data"). As a result, the Parties entered into a Data Access and
Preservation Agreement on May 16, 2023, a copy of which is attached hereto as **Exhibit A** (the
"Access Agreement"). The Access Agreement allows the Parties to access and use only their
own respective data that is stored in the Repository and only in a manner that protects against
the disclosure of any potentially privileged information to the other Party through that process.
The Access Agreement also provides protections regarding maintaining the confidentiality of
each Party's respective information that is stored in the Repository.

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION
ORDER - 2

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Case 23-10117-TWD    Doc 615    Filed 06/17/24    Ent. 06/17/24 13:00:59    Pg. 2 of 18

1    c.    The Trustee's Motion. On May 31, 2024, the Trustee filed a Motion, in

2  which she asks "for entry of an order authorizing the Trustee to implement an IT systems

3  restructuring for the Estate, establish systems to store and preserve the Debtor's records, and to

4  reject certain executory contracts with Microsoft Corporation ("Microsoft") and Digital

5  Fortress, Inc.[ ] effective June 30, 2024.[1] By her Motion, "the Trustee seeks to streamline the

6  IT services of the Estate to those that are necessary to the Trustee's administrative purposes:

7  preservation of records and evidence necessary for the investigation and recovery of assets and

8  prosecution and defense of claims."[2] The Trustee's proposal to accomplish this IT systems

9  restructuring includes but is not limited to: (1) allowing Car Toys to copy data from the

10  Repository; and (2) allowing the Trustee to copy data from the Repository (these two elements

11  are referred to collectively as the "Copying Proposal").[3]

12    d.    Attorney-Client Privilege, Work Product, and Confidentiality Issues.

13  Because the Repository contains Comingled Data, the Parties agree that it is cost prohibitive

14  and otherwise impracticable to try to identify and segregate each individual electronic

15  document or other file as between Car Toys and Wireless. As a result, the Trustee's Copying

16  Proposal would result in Car Toys copying and subsequently possessing a copy of unidentified

17  data of the Debtor, and would result in the Trustee copying and subsequently possessing a copy

18  of unidentified Car Toys data. Accordingly, the Copying Proposal may result in the inclusion of

19  information that is confidential, proprietary, a privileged attorney-client communication, and/or

20  attorney work product of the other party in the copy of data from the Repository made pursuant

21  to the Trustee's Copying Proposal. The Parties therefore seek to address these concerns

22  regarding the Trustee's Copying Proposal and the Party's obligations as they relate to this

23  action and any other anticipated or pending litigation by the entry of this Order pursuant to

24  Federal Rules of Evidence Rule 502(d), which Order also provides for confidentiality

25

26  [1] Motion, ECF No. 571 at 1:18-21.

27  [2] *Id.* at 4:1-3, citing Burdette Decl., ¶4.
    [3] *See id.* at 4:13-8:2, 9:16-10:10.

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION          FENNEMORE CRAIG, P.C.
ORDER - 3                                               1425 Fourth Avenue, Suite 800
                                                        Seattle, Washington 98101-2272
                                                        (206) 749-0500

1  protections regarding any proprietary, confidential, or trade secret information of the other

2  Party that may be included in copies to be made pursuant to the Trustee's Copying Proposal.

3          2.          Order Regarding the Trustee's Copying Proposal.

4          a.          After entry of this Order, Car Toys and the Trustee each may copy data

5  from the Repository for the sole purpose of relocating and then being able to access, use, and

6  store, their own respective data from the Repository in a different storage location. Car Toys'

7  copy to be made for this purpose is referred to herein as the "Car Toys Copy" and the Trustee's

8  copy to be made for this purpose is referred to herein as the "Trustee Copy".

9          b.          The creation and retention of the Car Toys Copy and creation of the

10  Trustee Copy pursuant to the terms of this Order does not breach Section 2 of the Access

11  Agreement or any other provision therein.

12          c.          The creation of the Car Toys Copy and the Trustee Copy pursuant to this

13  Order is not an authorization for either Party to access to or use any Confidential Information or

14  Privileged Information of the other Party.[4]

15          d.          Although the Car Toys Copy may contain Comingled Data, Car Toys

16  shall access, view, and use only Car Toys' data that has been stored in the Repository and not

17  any of the Debtor's data. Likewise, although the Trustee Copy may contain Comingled Data,

18  the Trustee shall access, view, and use only the Debtor's data that has been stored in the

19  Repository and not any Car Toys data.

20          e.          Protection of Confidential Information.

21          i.          Car Toys shall undertake best efforts to ensure that it does not

22  access, otherwise obtain, disclose, or use any Confidential Information of the Debtor as a result

23  of Comingled Data that may be contained in the Car Toys Copy.

24

25

26

27
[4] "Confidential Information" has the same meaning here as it is defined in the Access Agreement. "Privileged Information" means "Car Toys Privileged Materials" and "Wireless Privileged Materials" as those terms are defined in the Access Agreement.

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION
ORDER - 4

1              ii.         The Trustee shall undertake best efforts to ensure that she does

2    not access, otherwise obtain, disclose, or use any Confidential Information of Car Toys as a

3    result of Comingled Data that may be contained in the Car Toys Copy.

4              iii.         Each Party shall protect and safeguard the confidentiality of all

5    Confidential Information of the other Party that may be contained in the Car Toys Copy and/or

6    in the Trustee Copy with at least the same degree of care as the Trustee or Car Toys would

7    protect their own Confidential Information, but in no event with less than a commercially

8    reasonable degree of care.

9              iv.         Each Party shall immediately notify the other Party of any

10   accidental or unauthorized access to or disclosure of Confidential Information and to cooperate

11   fully with any effort undertaken by the other Party to enforce the other Party's rights related to

12   any such accidental or unauthorized access or disclosure of Confidential Information in

13   investigating and mitigating the effect thereof.

14             f.         <u>Protection Against Disclosure or Waiver of Privileged Information.</u>

15             i.         The production of Privileged Information by the creation and

16   retention of the Car Toys Copy and the Trustee Copy is not a waiver of any applicable privilege

17   or protection from discovery, including the attorney-client privilege, the attorney work product

18   protection, and any other privilege or protection recognized by law, in this case or in any other

19   federal or state proceeding. This Order shall be interpreted to provide the maximum protection

20   allowed by Federal Rule of Evidence 502(d).

21             ii.         The provisions of Federal Rule of Evidence 502(b) do not apply.

22             iii.         The creation and retention of the Car Toys Copy and the creation

23   and retention of the Trustee Copy is itself not a disclosure of any Privileged Information and is

24   not a waiver of any applicable privilege or protection from discovery in this case or discovery

25   in any other federal or state proceeding.

26

27

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION
ORDER - 5

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

iv.     Car Toys shall undertake best efforts to ensure that it and its Representatives[5] do not access, otherwise obtain, disclose, or use any Privileged Information of the Debtor that may be included in the Car Toys Copy as a result of the Comingled Data.

v.     The Trustee shall undertake best efforts to ensure that she and her Representatives do not access, otherwise obtain, disclose, or use any Privileged Information of Car Toys that may be included in the Car Toys Copy as a result of the Comingled Data.

vi.     Each Party shall immediately notify the other Party of any accidental or unauthorized access to or disclosure of Privileged Information, immediately sequester and cease any further access or disclosure of such Privileged Information, and cooperate fully with any effort undertaken by the other Party to enforce the other Party's rights related to any such accidental or unauthorized access or disclosure of Privileged Information in investigating and mitigating the effect thereof.

vii.     The following sections of the Data Access Agreement are incorporated herein and shall apply to the Car Toys Copy and to the Trustee Copy and to any and all access and use of any data contained therein: Section 4, Section 5, Sections 8-10, Section 12, Section 16, and Section 17.

g.     The Parties shall be responsible for any breach of this Agreement caused by any of their Representatives.

h.     <u>Termination and Return or Destruction of Data.</u>

i.     Nothing in this Order creates any obligation by the Trustee to retain any Car Toys data that may be included in the Trustee Copy as a result of the Comingled Data. To the extent that any individual files contained in the Trustee Copy are identifiable without viewing the contents of the file as belonging to Car Toys, the Trustee may delete those files without viewing their contents. Any such deletion does not constitute "accessing" the files under this Order.

---

[5] "Representatives" means Representatives as that term is defined in the Data Access Agreement.

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION
ORDER - 6

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

ii.        Nothing in this Order creates any obligation by Car Toys to retain any of the Debtor's data that may be included in the Car Toys Copy as a result of the Comingled Data. To the extent that any individual files contained in the Car Toys Copy are identifiable without viewing the contents of the file as belonging to the Debtor, Car Toys may delete those files without viewing their contents. Any such deletion does not constitute "accessing" the files under this Order.

iii.        Within fourteen days of the entry of an order authorizing the Trustee to abandon or dispose of the Debtor's data contained in the Trustee Copy, the Trustee shall permanently delete and destroy the Trustee Copy, and provide Car Toys with written confirmation of its compliance with this provision.

iv.        After termination of this action or entry of an order authorizing the Trustee to abandon the Debtor's data contained in the Trustee Copy, Car Toys shall have no further obligations under this Order.

///END OF ORDER///

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION
ORDER - 7

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**Submitted But Not Entered.**

1

2

3

4

5

6

7

8

9

10

11  PRESENTED BY:

12

13  **FENNEMORE CRAIG P.C.**

14    */s/ Brandi B. Balanda*
Stephen C. Willey, WSBA #24499
15  Brandi B. Balanda, WSBA #48836
David N. Bruce, WSBA #15237
16  1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
17  Telephone:  206.749.0500
Facsimile:   206.749.0600
18  Email: swilley@fennemorelaw.com
Email: bbalanda@fennemorelaw.com
19  Email: dbruce@fennemorelaw.com
20

21  **KARR TUTTLE CAMPBELL**
Bruce W. Leaverton, WSBA# 15329
22  Michael Feinberg, WSBA #11811
701 Fifth Avenue, Suite 3300
23  Seattle, Washington 98104
Phone: 206.223.1313
24  Facsimile: 206.682.7100
Email: bleaverton@karrtuttle.com
25  Email: mfeinberg@karrtuttle.com
26
*Attorneys for Car Toys, Inc.*
27

FRE RULE 502(d) AND CONFIDENTIALITY PROTECTION
ORDER - 8

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**Submitted But Not Entered.**

# EXHIBIT A

Submitted But Not Entered.

# Data Access and Preservation Agreement

*6/16/23 VB*

This Data Access Agreement (this "***Agreement***"), effective as of [DATE] (the "***Effective Date***"), is entered into by and between Car Toys, Inc., a Washington corporation having its principal place of business at [ADDRESS] ("***Car Toys***") and Virginia Burdette, the duly appointed chapter 7 Trustee (the "***Trustee***,") for Wireless Advocates in the involuntary chapter 7 case, *In re Wireless Advocates, LLC, (*the "***Bankruptcy***"*)* United States Bankruptcy Court Western District of Washington, Case No. 23-10117 (the "***Bankruptcy Court***") (and together with Car Toys, the "***Parties***," and each, a "***Party***").

WHEREAS the Trustee has succeeded to all property rights of Wireless Advocates, LLC, ("***Wireless***"), Washington limited liability company, including its business and other records.

WHEREAS many of Wireless's records reside on servers and cloud storage (collectively the "***Repository***"**)** shared by Car Toys and Wireless.

WHERAS, the information in the Repository, contains Personal Information (as defined herein below) of customers of both Car Toys and Wireless that is subject to confidentiality provisions in contracts with various third parties as well federal, state, and local data protection laws and regulations.

WHEREAS Repository contains information of Car Toys that is non-public, confidential, or proprietary in nature, and may include information that is attorney work product and/or attorney-client communications of Car Toys that may be subject to such privilege.

WHEREAS Repository contains information of Wireless that is non-public, confidential, or proprietary in nature, and may include information that is protected from disclosure by the attorney work product doctrine, the attorney-client privilege, and/or other similar legal protections.

WHEREAS the Car Toys needs access to the Car Toys information and records in the Repository to conduct its business.

WHEREAS the Trustee needs access to the Wireless information and records in the Repository to perform her duties as trustee.

NOW, THEREFORE, in consideration of the mutual covenants, terms, and conditions set forth herein, the Parties agree as follows:

1.      Data Access. Subject to the terms and conditions of this Agreement, Car Toys agrees that Trustee shall have full access to the Repository and Car Toys shall not take action to restrict or otherwise interfere with such access. The Trustee agrees that Car Toys shall have full access to the Repository and that the Trustee shall not take action to restrict or otherwise interfere with such access. To the extent Car Toys controls access rights to the Repository in any fashion, Car Toys will immediately provide global administrator rights to all aspects of the Repository to

506937161.1

#5432332 v1 / 32604-001                                                     *DB*

the Trustee's representatives. To the extent the Trustee controls access rights to the Repository in any fashion, the Trustee will immediately provide global administrator rights to all aspects of the Repository to Car Toy's representatives. The Parties acknowledge that there may be information belonging to Car Toys contained on the Repository that is protected from disclosure by the attorney work product doctrine, the attorney-client privilege, and/or other similar legal protections ("*Car Toys Privileged Materials*") and further such privilege is not waived by way of this Agreement or Trustee's access thereto and any disclosure of Car Toys Privileged Materials shall be treated as an inadvertent disclosure under FRE 502(b). The Parties acknowledge that there may be information belonging to Wireless contained on the Repository that is protected from disclosure by the attorney work product doctrine, the attorney-client privilege, and/or other similar legal protections ("*Wireless Privileged Materials*") and further such privilege is not waived by way of this Agreement or Car Toys' access thereto and any disclosure of Wireless Privileged Materials shall be treated as an inadvertent disclosure under FRE 502(b). The Car Toys Privileged Materials and the Wireless Privileged Materials collectively are referred to as "Privileged Materials." Each Party will exercise reasonable, good faith efforts to avoid accessing, using, copying, distributing or otherwise obtaining from the Repository Privileged Materials belonging to the other Party. To the extent a Party identifies that it has accessed, used, copied, distributed or otherwise obtained Privileged Materials belonging to the other Party from the Repository, it will act in accordance with paragraph 4 herein.

2. Confidential Information. "*Confidential Information*" means all non-public, confidential, or proprietary information located on the Repository that belongs to Car Toys or Wireless accessible by the Trustee, Car Toys or their affiliates, or to any of such Trustee's or Car Toys affiliates' employees, officers, directors, partners, shareholders, agents, attorneys, accountants, or advisors (collectively, "*Representatives*"), whether accessed in written, electronic, or other form or media, and whether or not marked, designated, or otherwise identified as "confidential," including, without limitation:

(a) information concerning customers', suppliers', and other third parties' past, present, and future business affairs including, without limitation, finances, customer information, supplier information, products, services, organizational structure and internal practices, forecasts, sales and other financial results, records and budgets, and business, marketing, development, sales, and other commercial strategies;

(b) unpatented inventions, ideas, methods, and discoveries, trade secrets, know-how, unpublished patent applications, and other confidential intellectual property;

(c) designs, specifications, documentation, components, source code, object code, images, icons, audiovisual components, and objects, schematics, drawings, protocols, processes, and other visual depictions, in whole or in part, of any of the foregoing;

2

506937161.1

#5432332 v1 / 32604-001

(d)     third-party confidential information (including, without limitation, any Personal Information as defined in Section 5 below) included with, or incorporated in, any information contained in the Repository;

(e)     other information that would reasonably be considered non-public, confidential, or proprietary given the nature of the information and the Parties' businesses including, without limitation, any Car Toys or Wireless Privileged Materials;

(f)     notes, analyses, compilations, reports, forecasts, studies, samples, data, statistics, summaries, interpretations, and other materials prepared by or for the Trustee or its Representatives that contain, are based on, or otherwise reflect or are derived, in whole or in part, from any of the foregoing.

Confidential Information shall not include information that: (a) at the time of disclosure is, or thereafter becomes, generally available to and known by the public other than as a result of, directly or indirectly, any violation of this Agreement by the receiving Party or any of its Representatives; or (b) was known by ~~or in the possession of~~ the receiving Party or its Representatives as of the Petition Date.                                         *DB*

3.      Trustee and Car Toys Obligations. The Trustee and Car Toys each shall:

(a)     implement appropriate measures to preserve and avoid damaging the Repository, the data contained therein, or the file organization or structure thereof;

(b)     undertake best efforts to ensure that they do not access, use, copy, distribute, or otherwise obtain any Confidential Information of the other Party that is stored on the Repository;

(c)     undertake best efforts to ensure that they do not access, use, copy, distribute, or otherwise obtain any Privileged Materials of the other Party that is stored on the Repository;

(d)     protect and safeguard the confidentiality of all such Confidential Information it comes into possession of with at least the same degree of care as the Trustee or Car Toys would protect its own Confidential Information, but in no event with less than a commercially reasonable degree of care;

3

506937161.1

#5432332 v1 / 32604-001

*DB*

(e)     not use Confidential Information, or permit it to be accessed or used in any manner;

(f)     not disclose any such Confidential Information to any person or entity;

(g)     immediately notify the other Party of any unauthorized or accidental destruction, loss, alteration, access to or disclosure of Confidential Information or Privileged Materials, or other breaches of this Agreement, of which the Party has knowledge, and ;

(h)     fully cooperate within any effort undertaken by the other Party to enforce the other Party's rights related to any such unauthorized or accidental destruction, loss, alteration or disclosure and in investigating and mitigating the effect thereof; and

(i)     be responsible for any breach of this Agreement caused by any of its Representatives.

4.     Special Obligations re Privileged Materials.  Car Toys shall be entitled, in perpetuity, to control the assertion or waiver of all privileges and immunities in connection with the Car Toys Privileged Materials, whether or not the Privileged Materials are now in the Repository or are in the possession or under the control of the Trustee.  The Trustee shall be entitled, in perpetuity, to control the assertion or waiver of all privileges and immunities in connection with any Wireless Privileged Materials, whether or not the Wireless Privileged Materials are in the Repository or are under the possession or under the control of Car Toys or its affiliates.  With respect to either Party's Privileged Materials:

(a)     If a Party discovers that it has accessed or otherwise obtained any document(s) that reasonably could be considered Privileged Materials of the other Party from the Repository, that Party must cease reading and immediately sequester or delete the document(s); and

(b)     immediately notify the attorney for the other Party of the file name of such any document(s) that reasonably could be considered Privileged Materials of the other Party.

5.     Representations and Warranties. The Trustee and Car Toys each represents and warrants that:

4

**Submitted But Not Entered.**

    (a)    they will comply and will require their Representatives to comply, with all applicable federal, state, and local data protection laws and regulations in the maintenance, disclosure, and use of all Personal Information contained in any Confidential Information that is disclosed to the Trustee or Car Toys or their Representatives hereunder. For purposes of this Agreement, "*Personal Information*" means information that:

    (i)    relates to an individual person; and

    (ii)    identifies or can be used to identify, locate, or contact that individual alone or when combined with other personal or identifying information that is or can be associated with that specific individual;

    (b)    the performance of its obligations herein does not and will not violate any other contract or obligation to which the Trustee or Car Toys is a party, including covenants not to compete and confidentiality agreements;

    (c)    they have implemented and will continue to maintain sufficient information security protocols, including using appropriate administrative, physical and technical security measures to maintain and ensure the integrity of the Confidential Information and secure and protect the confidentiality of all Confidential Information in Car Toys, the Trustee's or their Representatives' possession or control.

    6.    **Term and Termination.** The term of this Agreement shall commence on the Effective Date and continue in perpetuity.

    7.    **Indemnification.** The Trustee shall defend, indemnify, and hold harmless Car Toys, its respective shareholders, officers, directors, employees, agents, successors, and permitted assigns from and against all losses, damages, liabilities, deficiencies, actions, judgments, interest, awards, penalties, fines, costs, or expenses of whatever kind, including reasonable attorneys' fees, in connection with any: (i) third-party claim, suit, action, or proceeding arising out of or resulting from a breach of any representation, warranty, or obligation set forth in this Agreement by the Trustee or any of its Representatives; and (ii) any damage to the Repository, the data contained therein, or the file organization or structure thereof.

    Car Toys shall defend, indemnify, and hold harmless the Trustee, her employees, agents, successors, and permitted assigns from and against all losses, damages, liabilities, deficiencies, actions, judgments, interest, awards, penalties, fines, costs, or expenses of whatever kind, including reasonable attorneys' fees, in connection with any: (i) third-party claim, suit, action, or proceeding arising out of or resulting from a breach of any representation, warranty, or obligation set forth in this Agreement by the Car Toys or any of its Representatives; and (ii) any damage to the Repository, the data contained therein, or the file organization or structure thereof.

5

506937161.1

#5432332 v1 / 32604-001

**Submitted But Not Entered.**

8.     No Transfer of Rights, Title, or Interest. Car Toys hereby retains its entire right, title, and interest, including all intellectual property rights, in and to all Car Toys Confidential Information. Any disclosure of such Confidential Information hereunder shall not be construed as an assignment, grant, option, license, or other transfer of any such right, title, or interest whatsoever to the Trustee or any of her Representatives. Wireless hereby retains its entire right, title, and interest, including all intellectual property rights, in and to all Wireless Confidential Information. Any disclosure of such Confidential Information hereunder shall not be construed as an assignment, grant, option, license, or other transfer of any such right, title, or interest whatsoever to Car Toys or any of its Representatives.

9.     Other Obligations. The Parties agree that this Agreement does not require or compel Car Toys to disclose any Car Toys Confidential Information to the Trustee. Nothing contained in this Agreement should be construed to limit the Trustee's ability to access or use the information of Wireless.  Nothing in this Agreement limits the ability of any Party to obtain discovery of information, including Confidential Information via Bankruptcy Rule 2004, FRCP 26 or any other means of discovery in connection with litigation or administrative or judicial process.

10.     Remedies. The Trustee and Car Toys each acknowledges that money damages may be an insufficient remedy for any breach or threatened breach of this Agreement. Therefore, in addition to all other remedies available at law each of the parties shall be entitled to seek specific performance and injunctive and other equitable relief as a remedy for any such breach or threatened breach, and Car Toys and the Trustee each hereby waives any requirement for the securing or posting of any bond or the showing of actual monetary damages in connection with such claim. In the event that either Party institutes any legal suit, action, or proceeding against the other Party arising out of or relating to this Agreement, the prevailing Party in the suit, action, or proceeding shall be entitled to receive in addition to all other damages to which it may be entitled, the costs incurred by such Party in conducting the suit, action, or proceeding, including reasonable attorneys' fees and expenses and court costs.

11.     Governing Law, Jurisdiction, and Venue. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Washington without giving effect to any choice or conflict of law provision or rule (whether of the State of Washington or any other jurisdiction) that would cause the application of Laws of any jurisdiction other than those of the State of Washington. The Bankruptcy Court shall be the exclusive venue for any legal suit, action, or proceeding arising out of or related to this Agreement or the matters contemplated hereunder.

12.     Notices. All notices, requests, consents, claims, demands, waivers, and other communications hereunder shall be in writing and shall be deemed to have been given: (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if

6

506937161.1

#5432332 v1 / 32604-001

*DB*

**Submitted But Not Entered.**

sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or email (with confirmation of transmission) if sent during normal business hours of the Trustee, and on the next business day if sent after normal business hours of the Trustee; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the Parties at the respective addresses set forth on the first page of this Agreement (or to such other address that may be designated by a Party from time to time in accordance with this Section).

13.     Entire Agreement. This Agreement constitutes the sole and entire agreement between the Parties with respect to the subject matter contained herein and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to such subject matter. This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by each Party hereto.

14.     Severability. If any term or provision of this Agreement is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.

15.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, email or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

16.     Assignment. Neither Party may assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the other Party, provided that Car Toys may assign any of its rights hereunder to any person or entity that acquires substantially all of Car Toys' assets without such consent. Any purported assignment or delegation in violation of this Section shall be null and void. No assignment or delegation shall relieve the assigning or delegating Party of any of its obligations hereunder. This Agreement is for the sole benefit of the Parties hereto and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

17.     Waivers. No waiver by any Party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the Party so waiving. No waiver by any Party shall operate or be construed as a waiver in respect of any failure, breach, or default not expressly identified by such written waiver, whether of a similar or different character, and whether occurring before or after that waiver. No failure to exercise, or delay in exercising, any right,

7

506937161.1

#5432332 v1 / 32604-001

DB

remedy, power, or privilege arising from this Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege.

[SIGNATURE PAGE FOLLOWS]

8

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the Effective Date.

Car Toys, Inc.

By:_____
    Dan Brettler, CEO


Virginia Andrews Burdette

_____
Trustee for the Estate of Wireless Advocates, LLC

9

506937161.1

#5432332 v1 / 32604-001