Michael J. Gearin, WSBA # 20982
Peter A. Talevich, WSBA #42644
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Timothy W. Dore
Chapter 7
Hearing Location: Seattle, Rm. 8106
Hearing Date: June 21, 2024
Hearing Time: 9:30 a.m.
Response Date: June 14, 2024

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>WIRELESS ADVOCATES, LLC<br><br>Debtor. | Case No. 23-10117-TWD<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER AUTHORIZING TRUSTEE TO COPY DATA STORED AT DIGITAL FORTRESS AND REQUEST FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY** |

## I.  INTRODUCTION

Despite characterizing the Trustee's efforts to copy data stored in the Digital Fortress repository as "surreptitious" and asserting that it was "shocked to learn" of the Trustee's actions, the exhibits on which Car Toys relies show that counsel informed Car Toys on June 4, 2024, that Refresh Tech, the Trustee's IT consultant, "will be at Digital Fortress this Friday, June 7 to make a copy of the files on the servers there." ECF no. 629-3 ("Balanda Decl."), Ex. C; ECF no. 591 ("2d Burdette Decl."), Ex. C. Refresh Tech's presence at the Digital Fortress facility was not a surprise to Car Toys, and Car Toys wrongfully exercised control over the Estate's property when it prevented Refresh Tech from making a copy of data in the Digital Fortress repository and ignored Refresh Tech's requests for assistance. Indeed, Car Toys continues to assert that the Trustee needs its permission to copy the commingled data repository containing the Debtor's records which are property of this Estate. The

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO COPY DATA AND REQUEST FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY - 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-10117-TWD    Doc 631    Filed 06/20/24    Ent. 06/20/24 11:35:44    Pg. 1 of 9

Court should sanction Car Toys for its conduct.[1]

## II. ARGUMENT

**A. The Trustee brought this Motion before the parties agreed to enter a stipulation and order under FRE 502(d).**

The Trustee and Car Toys have now agreed to file a stipulation and proposed order under FRE 502(d).[2] The Trustee understands that this stipulation would resolve Car Toys' concerns regarding confidentiality and privilege and that Car Toys would then consent to the copying of the data. Accordingly, the Trustee intends to proceed with copying the data stored in the Digital Fortress repository after the Court enters the proposed FRE 502(d) order with Car Toys' consent or after the Court rules on the Trustee's motions if no such consent is forthcoming. When the Trustee brought this motion, however, the parties had not yet reached agreement to submit a FRE 502(d) stipulation and order.

On June 7, 2024, Car Toys understood that the Debtor's contract with Digital Fortress would expire on June 30, 2024, and that time was of the essence in making a copy of the data for preservation purposes. *See* Balanda Decl., Ex. C (June 5, 2024, email from Trustee's counsel stating that "[t]he Digital Fortress contract expires on June 30, 2024 and we no longer have time to explore alternatives."). Although Car Toys has now agreed to allow the Trustee to copy the data stored in the Digital Fortress repository upon entry of an FRE 502(d) order, Car Toys has not yet submitted the stipulation and order. The Court should not ignore that Car Toys violated the automatic stay when it obstructed the Trustee's efforts to copy the Estate's data on June 7, 2024. *See* 11 U.S.C. § 362(a)(3) (prohibiting "any act to obtain possession of property of the estate or of property from the estate or to

---

[1] Having reviewed the authority cited in Car Toys' response, ECF no. 628, the Trustee agrees that the Court may not award her sanctions under 11 U.S.C. § 362(k). For the reasons discussed below, the Court may sanction Car Toys under 11 U.S.C. § 105(a).

[2] The Trustee's counsel provided comments to the form of the stipulation and order to Car Toys' counsel on June 18, 2024, but Car Toys has not yet responded or submitted the stipulation and order.

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO COPY DATA AND REQUEST FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY - 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

exercise control over property of the estate").

**B.  Car Toys exercised control over the Estate's property in violation of the automatic stay.**

Car Toys argues that it did not obstruct the Trustee's efforts to download the data and that Refresh Tech's inability to download the data was potentially a configuration issue.[3] *See* ECF no. 630 ("2d Maeda Decl.") at ¶¶ 8–9. These arguments are without merit and belied by the record.

In the initial months following her appointment, the Trustee relied on Kyle Maeda to address the Estate's limited needs for data preservation and access. Supplemental Declaration of Virginia Burdette in Support of the Motion ("3d Burdette Decl.") ¶ 3. At the time, Mr. Maeda served as Chief Information Officer for both Car Toys and the Debtor. *Id.* Between February and May 2023, the Trustee kept Mr. Maeda on the Debtor's payroll, paying him over $92,000 for his services to the Debtor's bankruptcy estate. *Id.* Instead of suggesting a practicable solution to separate the parties' shared IT infrastructure, Car Toys unilaterally assumed control over the parties' IT infrastructure and proposed that Car Toys retain the Debtor's data in Car Toys' system, charging the Estate hundreds of thousands of dollars a year for those services. *Id.* ¶ 4.

It was not until the Trustee retained Refresh Technologies ("Refresh Tech") to serve as her IT consultant that she learned it was completely unnecessary to rely on Car Toys' IT infrastructure to meet the Estate's needs for preservation of, and access to, the Debtor's data. *Id.* ¶ 5. Instead, with respect to preservation of the Digital Fortress repository, the Trustee could meet the Estate's needs by copying the data stored at Digital Fortress onto a secure storage device. ECF no. 573 ("1st Shaffer Decl.") ¶¶ 6–19. This solution could have been accomplished months ago if Mr. Maeda and other of the Debtor's former executives had properly advised the Trustee. 3d Burdette Decl. ¶ 6.

---

[3] Refresh Tech configured its external storage device so it could connect to the Windows-based server network. Declaration of Bob Shaffer in Support of the Motion ("B. Shaffer Decl.") ¶ 3. Refresh Tech is experienced in the migration, copying, and preservation of electronic records, and the steps it took to configure the external storage device would normally have been sufficient to connect the device to the server network and copy the data. *Id.* ¶¶ 2–3. When Mr. Shaffer was unable to connect the external storage device to the server network, he contacted two members of Car Toys' IT team for assistance. *Id.* ¶ 5. To date, neither of those individuals have responded to Mr. Shaffer. *Id.*

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO COPY DATA AND REQUEST FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY - 3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-10117-TWD    Doc 631    Filed 06/20/24    Ent. 06/20/24 11:35:44    Pg. 3 of 9

Rather than work cooperatively with the Trustee to wind down Car Toys' and the Debtor's shared IT infrastructure, Car Toys adopted an obstructionist approach, asserting that the Trustee needed Car Toys' permission to take steps to restructure the Estate's IT systems and forcing the Trustee to file the motion for an order authorizing her to implement IT systems restructuring, ECF no. 571, and the present Motion. Simply stated, Car Toys has continuously opposed the Trustee's efforts to wind up the Debtor's relationship with Digital Fortress and has taken efforts to delay and obstruct the Trustee's attempts to conclude that relationship. Despite knowing that Refresh Tech was going to copy the data stored at Digital Fortress on June 7, 2024, Car Toys obstructed Refresh Tech's efforts. ECF no. 591 ("2d Burdette Decl.") ¶¶ 5–9; ECF no. 592 ("2d Shaffer Decl.") ¶¶ 4–8.

Car Toys characterizes the Trustee's efforts to copy the data as surreptitious. ECF no. 628 ("Car Toys' Resp.") at 2. Car Toys, however, was aware that Refresh Tech was going to travel to the Digital Fortress facility on June 7th to copy the data. This is supported by Car Toys' own exhibits. *See* Balanda Decl., Ex. C. Specifically, on June 4, 2024, the Trustee's counsel emailed Car Toys' counsel the following message:

> One additional issue to cover. The Trustee's tech consultants Refreshtech will be at Digital Fortress this Friday, June 7 to make a copy of the files on the servers there. We are in contact with Digital Fortress for access to the server facility. Will you check with CT to make sure there are not any steps they need to take for access by the Refreshtech team?

*Id.* Car Toys' argument that it "was shocked to learn that the Trustee had sent someone to try to copy Car Toys' data" is disingenuous. *See* Car Toys' Resp. at 2.

Although Car Toys contends that it has never "blocked" any port at Digital Fortress, it fails to explain why Chitra Voeuk, a Car Toys systems engineer, ignored Refresh Tech's requests for assistance that day or why Car Toys continues to ignore Refresh Tech's requests to this day. 2d Shaffer Decl. ¶¶ 7–8; ECF no. 604 ("1st Maeda Decl.") ¶ 20; B. Shaffer Decl. ¶ 5. Instead, Car Toys argues

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO COPY DATA AND REQUEST FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY - 4

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-10117-TWD    Doc 631    Filed 06/20/24    Ent. 06/20/24 11:35:44    Pg. 4 of 9

only that Mr. Maeda could not respond to Refresh Tech's inquiry because he was attending mediation.[4] ECF no. 630 ("2d Maeda Decl.") ¶ 4. Notably, Car Toys does not dispute that it maintains administrative control over the shared server network or that it could have assisted Refresh Tech in addressing Car Toys system access issues to allow copying of the data for preservation purposes, especially since it knew on June 4th that the Trustee intended to make a copy of the data on June 7th. 2d Shaffer Decl. ¶ 6 ("Mr. Shaffer required Car Toys' assistance because Car Toys exercises administrative control over the shared server network."); Balanda Decl., Ex. C (June 4, 2024, email stating that "[t]he Trustee's tech consultants Refreshtech will be at Digital Fortress this Friday, June 7 to make a copy of the files on the servers there").

Car Toys exercised control over the IT infrastructure in a manner that prevented the Trustee's advisors from copying the Estate's records and refused to render assistance to the Trustee to address the controls it had placed on the systems. In this manner, Car Toys improperly exercised control over the Estate's property and prevented the Trustee from copying the data in violation of the automatic stay. Car Toys' argument that the Trustee can already access the data stored at Digital Fortress misses the point. The Trustee requires a copy of the data for preservation purposes because the Digital Fortress contract expires of its own terms on June 30, 2024. Similarly, Car Toys' suggestion that the Trustee can simply "access, use, and copy the Debtor's data" is incorrect. *See* Car Toys' Resp. at 9 (stating that the Trustee "already has a remote connection through which she can access, use, and copy the Debtor's data"). Indeed, Car Toys previously represented to this Court that "extensive" commingling

---

[4] Any suggestion that Mr. Maeda was unable to review his email due to his attendance at mediation is disingenuous at best. The mediation lasted the entire day and, other than a brief introductory session in the morning, Judge Barreca met with the parties separately for extended periods of time. All participants had hours of time to check their respective emails.

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO COPY DATA AND REQUEST FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY - 5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

of data in the Digital Fortress repository "means that this copying will necessarily include Car Toys' data, and vice versa." 1st Maeda Decl. ¶ 11. Car Toys agrees that "[e]ngaging in a file by file review to separate that data by its respective owner is impractical, would take an inordinate amount of time, and be cost prohibitive." *Id.* ¶ 12. As such, the Trustee must make a copy of the entire Digital Fortress repository.

Moreover, Car Toys' basis for resisting the Trustee's efforts to copy the data is specious. The Trustee's copying of electronic records she already has access rights to and preserving those records in a different form has no effect on the privileges and confidences of Car Toys or the Estate. Although Car Toys and the Trustee have recently agreed—at the suggestion of the Trustee's counsel—to enter a stipulation and order under FRE 502(d), the Trustee has always indicated her consent to abide by the Data Access and Preservation Agreement, regardless of where the data is stored. *See* 2d Burdette Decl. ¶ 9; ECF no. 626 ("Gearin Decl.") ¶ 4, Ex. A (June 10, 2024, email from the Trustee's counsel to Car Toys' suggesting the use of an FRE 502(d) stipulation and order). Car Toys cannot avoid the inescapable conclusion that its exercise of control over the Estate's records, i.e., preventing the Trustee from making a copy of the Digital Fortress repository, was in violation of the automatic stay.

**C.  The Court should sanction Car Toys for its willful violation of the automatic stay.**

Having reviewed Car Toys' response, the Trustee recognizes that sanctions are not available under 11 U.S.C. § 362(k). It is well-established, however, that the Court may sanction Car Toys under 11 U.S.C. § 105(a). *See In re Avery*, No. A06–00455–DMD, 2011 WL 5330789, at *3 (Bankr. D. Alaska Nov. 4, 2011) ("Neither of the plaintiffs here, a chapter 7 trustee and a corporation, may recover damages under § 362(k) because they are not considered 'individuals.' However, trustees and corporations may recover attorney's fees and costs under § 105(a) as a sanction for ordinary civil contempt. Unlike an award under § 362(k), such damages are discretionary." (citations omitted)); *see*

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO COPY DATA AND REQUEST FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY - 6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-10117-TWD    Doc 631    Filed 06/20/24    Ent. 06/20/24 11:35:44    Pg. 6 of 9

*also In re McGrath*, No. 05–90165–A–7, 2008 WL 859152, at *14 (Bankr. E.D. Cal. Mar. 31, 2008) ("The trustee instead may seek a recovery of damages for a violation of the automatic stay under 11 U.S.C. § 105(a)[.]").

"Under both §§ 362(k) and 105(a), 'the threshold question' in determining whether to award fees as damages for violation of the stay 'turns not on a finding of 'bad faith' or subjective intent, but rather on a finding of 'willfulness.' *In re Avery*, 2011 WL 5330789, at *3 (citations omitted). "Willfulness does not require a specific intent to violate the automatic stay. Damages may be awarded if 'the defendant knew of the automatic stay' and if the defendant's actions were intentional." *In re McGrath*, 2008 WL 859152, at *15 (quoting *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995). Despite its arguments to the contrary, Car Toys intentionally prevented the Trustee from copying the data on June 7th and ignored Refresh Tech's requests for assistance that day. 2d Shaffer Decl. ¶¶ 7–8. Car Toys' obstruction has cost the Estate no less than $4,978.78 in fees and costs for Refresh Tech's services, and the Estate is entitled to its reasonable attorneys' fees in bringing this Motion. 2d Burdette Decl. ¶¶ 10–11; 2d Shaffer Decl. ¶ 10.

**D. The Court should not award Car Toys its attorneys' fees in responding to the Motion.**

The Court should not award Car Toys' its attorneys' fees in responding to the Motion. Car Toys does not dispute that the Debtor's contract with Digital Fortress will expire on June 30, 2024. To satisfy her obligation to preserve the Debtor's data, the Trustee desired to copy data stored at the Digital Fortress repository well before expiration of the Digital Fortress contract. The Trustee's intentions were communicated to Car Toys on numerous occasions. *See* Balanda Decl., Ex. C ("The Trustee is going to make this forensic copy. It is inconsistent to demand that the Trustee take steps to preserve evidence and then try to impede those efforts. The Digital Fortress contract expires on June 30, 2024 and we no longer have time to explore alternatives."); 2d Burdette Decl., Ex. C. The Trustee's motion is not frivolous and was not brought in bad faith. The Trustee brought it to ensure that she could obtain a copy of the Digital Fortress repository before the executory contract with Digital

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE
TO COPY DATA AND REQUEST FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY - 7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-10117-TWD   Doc 631   Filed 06/20/24   Ent. 06/20/24 11:35:44   Pg. 7 of 9

Fortress expires. And the Trustee brought the sanctions portion of the motion to curtail Car Toys' repeated and ongoing efforts to obstruct the Trustee's administration through its exercise of control over the records and IT systems of the Debtor. Although the Court may not sanction Car Toys under 11 U.S.C. § 362(k), it may do so under 11 U.S.C. § 105(a). The imposition of sanctions against the Trustee and her counsel is not warranted.

### III. CONCLUSION

In sum, Car Toys exercised control over the Estate's property when it prevented the Trustee from copying data in the Digital Fortress repository on June 7, 2024. Because Car Toys' violation of the automatic stay was willful, the Court should enter an order awarding actual damages, including reasonable attorneys' fees, incurred by the Estate as a result of Car Toys' violation of the automatic stay.

Dated this 20th day of June, 2024.

K&L GATES LLP

/s/ Michael J. Gearin
Michael J. Gearin, WSBA # 20982
Peter A. Talevich, WSBA #42644
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: Michael.Gearin@klgates.com
　　　　Peter.Talevich@klgates.com

*Attorneys for Virginia Burdette, Chapter 7 Trustee*

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE TO COPY DATA AND REQUEST FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY - 8

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-10117-TWD    Doc 631    Filed 06/20/24    Ent. 06/20/24 11:35:44    Pg. 8 of 9

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on June 20, 2024, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 20th day of June, 2024 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

REPLY ISO MOTION FOR ORDER AUTHORIZING TRUSTEE TO COPY DATA AND REQUEST FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY - 9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-10117-TWD    Doc 631    Filed 06/20/24    Ent. 06/20/24 11:35:44    Pg. 9 of 9