**Below is the Order of the Court.**



_____
**Timothy W. Dore
U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re:<br><br>WIRELESS ADVOCATES, LLC,<br><br>Debtor. | No. 23-10117-TWD<br><br>**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH SPIGEN** |

THIS MATTER having been brought before the Court on the Motion ("Settlement Motion") of the Chapter 7 Trustee, Virginia A. Burdette (the "Trustee") to Approve Settlement Agreement with Spigen, Inc. ("Spigen") resolving all claims set forth in the Adversary Proceeding filed against Spigen under Adversary No. 25-01030 (the "Adversary Proceeding"), filed by Virginia A. Burdette (the "Trustee"), by and through her counsel, HACKER & WILLIG, INC., P.S., ("Hacker & Willig").

The Court having considered the records and files herein, including the Settlement Motion, the declaration of Virginia Burdette in support thereof, including the Settlement Agreement between the Trustee and Spigen which was attached thereto as **Exhibit A**, and responses thereto, if any, ~~and having heard from counsel,~~ and finding that notice of the hearing

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT -** 1

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
The Financial Center
1215 Fourth Avenue, Suite 910
Seattle, Washington 98161
Telephone (206) 340-1935

1 was adequate, and that, based on the representations made in the Settlement Motion and the
2 Trustee's Declaration, and the arguments presented, if any, that the settlement is fair and
3 reasonable and in the best interests of the estate and the creditors and meets the criteria for
4 approval, now, therefore, it is hereby:

ORDERED, that

1. The Motion to Approve Settlement Agreement with Spigen is GRANTED.

2. All terms of the Settlement Agreement attached hereto as **Exhibit A** are approved.

3. Spigen shall be make a one-time payment in the amount of $110,000.00 (the "Settlement Payment") to the Trustee, and such payment shall be paid within (5) business days after the date of this order.

4. Spigen shall withdraw its claim filed in this matter within five (5) business days of the date of this order.

5. Following receipt of the Settlement Payment and withdrawal of the claim, the Trustee shall cause the Adversary Proceeding against Spigen to be dismissed.

/// END OF ORDER ///

Presented by:

HACKER & WILLIG, INC., P.S.

*/s/ Elizabeth H. Shea*
Arnold M. Willig, WSBA #20104
Elizabeth H. Shea, WSBA #27189
Charles L. Butler, III, WSBA #36893
Attorneys for Trustee, Virginia A. Burdette

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT -** 2

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
The Financial Center
1215 Fourth Avenue, Suite 910
Seattle, Washington 98161
Telephone (206) 340-1935

EXHIBIT A

Docusign Envelope ID: 72CC4AB6-38B2-45F2-ABB8-0F8AF2822819

# SETTLEMENT AGREEMENT & MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT (this "Settlement Agreement") is entered into on this _10_ day of April 2025, by and among Virginia Burdette, in her capacity as Chapter 7 Trustee ("Trustee") for Wireless Advocates, LLC ("Wireless Advocates," or the "Debtor") in U.S. Bankruptcy Court for the Western District of Washington, Case No. 23-10117-TWD and Spigen Inc., a California State corporation ("Spigen"). Spigen, together with the Trustee, may be jointly referred to as the "Parties" and each, a "Party."

## RECITALS

WHEREAS, Spigen and Wireless Advocates entered into agreements, including a Vendor Agreement dated January 26, 2022, and under the terms of same, Spigen supplied Wireless Advocates with "Products," primarily phone accessories, which Wireless Advocates sought to sell at its Costco and military base kiosks.

WHEREAS, in December 2022, Wireless Advocates ceased its business operations. Wireless Advocates was put into receivership in King County Superior Court under case number 22-2-20145-2 SEA pursuant to a petition filed on or about December 7, 2022 (the "Receivership").

WHEREAS, on January 23, 2023, Wireless Advocates' creditors filed an involuntary petition under Chapter 7 of the U.S. Bankruptcy Code against Wireless Advocates. See Dkt. # 1.1 On February 27, 2023, the Court entered its Order for Relief against Wireless Advocates, and the Court appointed Virginia Burdette as Chapter 7 Trustee of the bankruptcy estate. See Dkt. # 91 & #92.

WHEREAS, as of the date Wireless Advocates ceased operations and entered receivership, its records indicated it had returned products worth in excess of $1,071,150 to Spigen and had a credit balance of $542,966.

WHEREAS, Spigen filed a proof of claim in the bankruptcy on May 16, 2023 [Claim 73] alleging a debt owing of $880,414.80. Spigen alleges that the claim is based upon "Breach of Contract, Unjust Enrichment & Promissory Estoppel." [Claim 73].

WHEREAS, On February 26, 2025, the Trustee filed an adversary complaint against Spigen claiming Breach of Contract and seeking turnover of property of the estate and for disallowance of Spigen's claim. See, Dkt. #802; Adversary No. 25-01030 (the "Complaint").

Docusign Envelope ID: 72CC4AB6-38B2-45F2-ABB8-0F8AF2822819

WHEREAS, Spigen has raised factual and legal defenses to the claims set forth in the Complaint and alleges that it does not owe any money to Wireless Advocates.

WHEREAS, the Parties acknowledge that there remain open legal and factual disputes and that it is in the best interest of the Parties to settle and resolve all remaining disputes between them at this time.

## TERMS OF THE AGREEMENT

1. **Representations and Acknowledgments.** Spigen and the Trustee each represent and acknowledge that each of the following terms are true:

    1.1 **True and Correct Recitals.** The above Recitals are true, correct, and accurate, and are incorporated within this Settlement Agreement as if fully rewritten herein.

    1.2 **Good Faith.** All Parties and their agents and/or attorneys have acted at all times in good faith in resolving the disputes between them and the negotiation of this Settlement Agreement. The execution and consummation of this Settlement Agreement by the Parties are their respective free and voluntary act and deed, without any misapprehension as to the effect thereof, and without any coercion, duress, overreaching, or any other misconduct by the other Party or any officer, agent, or attorney of that Party.

    1.3. **Legal Counsel, Miscellaneous.** All Parties hereto have been given the opportunity to consult with legal counsel and accountants of their own choice regarding the meaning, interpretation, and effect of this Settlement Agreement and any related documents. Neither Party to this Settlement Agreement has perpetrated any fraud nor made any misrepresentation in order to induce the other Party to enter into this Settlement Agreement, and both Parties are entering into this Settlement Agreement voluntarily, in good faith, and without duress or undue influence.

    1.4 **Entire Agreement.** This Settlement Agreement is the entire understanding and agreement between the Parties with respect to the matters referenced herein. No modification or amendment of any provision of this Settlement Agreement shall be effective unless made in writing and duly signed by the Parties bound by such modification or amendment.

2. **Terms of Settlement.** Spigen and the Trustee hereby agree to the following terms of settlement:

    2.1 **Execution of this Agreement.** By Noon Pacific Time on April 11,

2025, Spigen and the Trustee shall have each fully executed this Settlement Agreement, and delivered complete, legible PDF copies of same to counsel for the opposing party.

    2.2. <u>Payment</u>. Spigen shall make a one-time payment of **$110,000.00** (the "Payment") to Virginia Burdette as Chapter 7 Trustee of the Bankruptcy Estate of Wireless Advocates, LLC. Such Payment shall be made within five (5) business days of court approval of this Agreement.

    2.3 <u>Withdrawal of Claim</u>. Spigen shall withdraw its unsecured claim in the amount of $880,414.80 filed May 16, 2023 [Claim 73] and shall waive any right to such claim or to distribution as an unsecured creditor. Such withdrawal of claim shall be filed within five (5) business days of court approval of this Agreement.

    2.4 <u>Dismissal of Adversary Proceeding</u>. Following receipt of the payment from Spigen set forth above and withdrawal of its claim, the Trustee shall promptly seek voluntary dismissal of the Adversary Proceeding.

    3. <u>Agreement is Subject to Bankruptcy Court Approval</u>. The Parties acknowledge and agree that this Agreement is conditional upon and subject to Bankruptcy Court approval and shall be subject to the jurisdiction and oversight of the Bankruptcy Court.

    4. <u>Miscellaneous</u>. This Agreement shall be binding upon, shall apply to and shall inure to the benefit of, the parties hereto and their respective heirs, administrators, executors, successors and assigns. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute but one instrument. Electronic signatures shall be deemed to be original signatures for all purposes and shall be legally binding. The headings of this Agreement are inserted for convenience of reference only, and shall in no way affect, modify or define, or be used in construing, the text of this Agreement. This Agreement may be amended, modified, or supplemented only by a written instrument executed by the Parties. To the extent any provision of this Agreement is prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provision of this Agreement. The Parties agree that in the event of a dispute over the meaning of any of the terms or conditions set forth in this Agreement, and any action to enforce this Agreement, shall be brought in the United States Bankruptcy Court for the Western District of Washington. To the extent state law applies, this Agreement shall be governed by and construed in accordance with the laws of the State of Washington without giving effect to the doctrine of conflicts of laws that would require the application of any other law.

Docusign Envelope ID: 72CC4AB6-38B2-45F2-ABB8-0F8AF2822819

5. <u>Mutual Release</u>. In consideration of (i) Spigen's payment of $110,000.00 to the Bankruptcy Estate; and (ii) execution and Bankruptcy Court approval of this Settlement Agreement, the Parties hereby forever release and discharge each other, and their employees, agents, attorneys, and successors from and against any and all claims, demands, setoffs, rights, liabilities, damages, costs, expenses, attorney fees, losses, actions, and/or causes of action of every kind, arising out of or relating to the disputes as described above in this Settlement Agreement. This release and discharge from claims applies to all matters known and unknown, and to all matters that may be hereafter discovered, if any, with respect to or arising out of the business relationship between Wireless Advocates and Spigen.

6. <u>No Admission of Liability</u>. Nothing in this Settlement Agreement, or any actions taken by either Party pursuant to this Settlement Agreement, will be construed as an admission of liability or wrongdoing of any kind.

7. <u>Court Approval</u>. The Parties will seek approval of the Bankruptcy Court promptly following execution of this Settlement Agreement and shall cooperate on obtaining same. In the event Bankruptcy Court approval is denied, this Settlement Agreement will have no further force and effect and the Parties shall retain their rights and claims against each other unless and until such approval is granted.

8. <u>Miscellaneous Provisions</u>.

    8.1 <u>Governing Law</u>. This Settlement Agreement is and will be governed by and construed in accordance with the laws of Washington, and venue shall be set in the U.S. Bankruptcy Court for the Western District of Washington for any disputes arising out of this Settlement Agreement.

    8.2 <u>Counterparts and Facsimiles</u>. This Settlement Agreement may be executed in one or more counterparts, each counterpart will be considered an original document. The facsimile signature of any Party will be deemed to have the same effect as its original signature.

    8.3 <u>Covered Parties</u>. This Settlement Agreement is binding upon and will inure to the benefit of the Parties, and to their respective officers, directors, shareholders, trustees, agents, employees, representatives, parent corporations, subsidiaries, corporate affiliates, assigns, purchasers and successors-in-interest.

    8.4 <u>Entire Agreement</u>. This Settlement Agreement is intended to be the final expression of the Parties with respect to the subjects covered. It supersedes all prior

negotiations, agreements or understandings, written or oral, concerning those subject matters.

        8.5    Attorneys' Fees. In the event of any action in relation to enforcement of the terms of this Agreement, the prevailing party, in addition to all other sums to which it may be entitled, shall be entitled to reasonable attorneys' fees and expenses, including those incurred on appeal or in any state or federal court proceeding.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement, effective as of the day and year first above written.

TRUSTEE FOR WIRELESS ADVOCATES, LLC

_____
Virginia Burdette, Chapter 7 Trustee
for Wireless Advocates, LLC

SPIGEN, INC.

By: _____
Name: DAEYOUNG KIM, CEO